UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAVIER MARIN-GARCIA, | : |
| Petitioner, | : Civ. No. 05-3171 (GEB) |
| v. | : **OPINION** |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

**BROWN, C.J.**

This matter comes before the Court upon the motion of *pro se* Petitioner Javier Marin-Garcia ("Petitioner") for summary judgment pursuant to Federal Rule of Civil Procedure 56 and Respondent United States of America's ("Respondent") request for dismissal of the petition with prejudice. The Court decided the matter based on the written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court denies Petitioner's motion and grants Respondent's request for dismissal with prejudice.

## BACKGROUND AND DISCUSSION

On September 19, 1988, Petitioner was convicted of conspiring to possess with intent to distribute more than fifty kilograms of cocaine, contrary to 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. § 846. Petitioner was sentenced to 288 months imprisonment, five years supervised release, a $40,000 fine and a $50 special assessment. The Third Circuit affirmed Petitioner's conviction on November 8, 1989. On May 21, 1990, the United States Supreme Court denied his petition for writ of certiorari.

On April 22, 1997, Petitioner filed a motion to vacate under 28 U.S.C. § 2255 (Civ. No. 97-

2128), claiming ineffective assistance of counsel and that he should be re-sentenced due to a subsequent clarification of U.S.S.G. § 1B1.3.  This Court denied the motion on December 15, 1997. Petitioner appealed this decision and requested a certificate of appealability on February 2, 1998. On May 8, 1998, the Third Circuit denied Petitioner's request.

Petitioner applied to the Third Circuit for leave to file a second or successive § 2255 habeas petition, relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  The Third Circuit denied this request on December 13, 2000.  On May 15, 2001, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241 (Civ. No. 01-2391).  On July 11, 2001, this Court dismissed the petition for lack of jurisdiction, treating it as an unauthorized successive habeas petition under 28 U.S.C. § 2255.  The Third Circuit affirmed this Court's decision on November 7, 2003, and the United States Supreme Court denied his petition for writ of certiorari on or about June 12, 2004.  On February 4, 2005, Petitioner filed a deficient motion for relief from judgment which this Court denied after construing the motion as yet another unauthorized successive habeas petition.

Petitioner filed the present petition to vacate his sentence pursuant to 28 U.S.C. § 2255 on June 23, 2005 (Civ. No. 05-3171).  Petitioner now asserts that his conviction and sentence should be vacated on three grounds: 1) the indictment is void because it failed to charge an independent substantive offense; 2) officers of the court conspired to amend the offense; and 3) the sentencing enhancements were unconstitutionally applied.  (Pet. at 5).  On July 1, 2005, the Court issued an Order advising Petitioner of his rights under *United States v. Miller,* 197 F.3d 644 (3d Cir. 1999). Petitioner advised the Court that he wished to proceed with his motion as filed.  On September 9, 2006, the Court directed Respondent to file an Answer within forty-five days.  Respondent failed to timely respond, and Petitioner filed the instant motion for summary judgment.  Respondent

2

subsequently requested an extension of time to file its Answer and opposition to Petitioner's motion for summary judgment. The Court granted this request on January 6, 2006. Respondent filed its Answer and opposition on January 13, 2006, and Petitioner filed his traverse on January 26, 2006.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes stringent requirements which must be first be met before an applicant can file a second or successive habeas petition. Specifically, 28 U.S.C. § 2244 provides that "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a). Additionally, under the AEDPA, "[b]efore a second or successive application [may be] filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A).

Based on Petitioner's previous filings, the petition giving rise to this action is essentially Petitioner's fourth successive habeas petition under 28 U.S.C. § 2255. The record reflects that Petitioner has not sought nor obtained authorization from the Third Circuit before filing his petition in this Court. As such, Petitioner's habeas petition is not properly before this Court and must therefore be dismissed for lack of jurisdiction. In light of the dismissal of the § 2255 petition, the Court need not address the merits of Petitioner's deficient motion for summary judgment.[1]

---

[1] Petitioner also filed a deficient motion for leave to file a response. In light of the Court's conclusion, the motion is moot and is therefore denied.

**CONCLUSION**

For the reasons stated above, the Court dismisses the petition with prejudice and denies Petitioner's motion for summary judgment. An appropriate form of Order accompanies this Memorandum Opinion.

Dated:       April 28, 2006

                                                   s/ Garrett E. Brown, Jr.
                                                  GARRETT E. BROWN, JR., U.S.D.J.